UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT RIEKER,

    Plaintiff,                                                    CASE NO.:

-VS-

SYNCHRONY BANK, ALLIED
INTERSTATE, LLC, and EGS FINANCIAL
CARE, INC.

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, SCOTT RIEKER, by and through the undersigned counsel, and sues Defendants, SYNCHRONY BANK (hereinafter "SYNCHRONY"), ALLIED INTERSTATE, LLC (hereinafter "ALLIED"), and EGS FINANCIAL CARE, INC. (hereinafter "EGS") (collectively "Defendants"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**INTRODUCTION**

1.    The TCPA was enacted to prevent companies like Defendants from invading American citizen's privacy and prevent abusive "robo-calls."

1

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

5.      The alleged violations described herein occurred in Leon County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Leon County, Florida.

7.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692a(3).

8.      Plaintiff is an "alleged debtor."

9.      Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

10.     Defendant, SYNCHRONY, Defendant is a Corporation with a principal place of business located at 170 West Electron Road, Suite 125, Draper, Utah 84020 and does business in the State of Florida.

11.     Defendant, ALLIED, is a corporation which was formed in Minnesota with its principal place of business located at 12755 Highway 55, Suite 300, Plymouth,

3

Minnesota 55411 and which conducts business in the State of Florida through its registered agent, C T Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

12. Defendant, EGS, is a corporation which was formed in Pennsylvania with its principal place of business located at Horsham Corporate Center, 400 Horsham Boulevard, Suite 130, Horsham, Pennsylvania and which conducts business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida.

13. Defendants, ALLIED and EGS, are "debt collectors" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

14. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

15. Defendants called Plaintiff on Plaintiff's cellular telephone approximately nine hundred (900) times in an attempt to collect an alleged debt.

16. Defendants attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17. Defendant, SYNCHRONY, consented to and has knowledge and control of the activities of their agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, including but not limited ALLIED and EGS.

18. Upon information and belief, SYNCHRONY, had knowledge of all actions (further described in the Complaint) taken by its agents, ALLIED and EGS, and

specifically instructed and/or conspired with them to take such actions as were ultimately taken in regards to Plaintiff.

19.     At all times material hereto, SYNCHRONY acknowledged that ALLIED and EGS would act on behalf of SYNCHRONY with respect to the conduct alleged herein. ALLIED and EGS accepted said undertaking and SYNCHRONY retained control over the actions of its authorized agents.

20.     Upon information and belief, the aforementioned principal/agent relationship by and between SYNCHRONY, as principal, and ALLIED and EGS, as agents, was pursuant to an express agreement, implied agreement and/or gratuitous undertaking.

21.     Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

22.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (850) ***-6090, and was the called party and recipient of Defendant's calls

23.     Upon receipt of the automated calls from Defendants, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: (877) 278-5297, (800) 410-4391, (937) 534-2092, (877) 278-5297, (866) 771-1104, (866) 432-0355, (330) 433-5979, (877) 433-5001, and (877) 317-5659.

24.     Upon information and belief, some or all of the calls Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer)

or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because he received prerecorded messages from Defendants.

25. On several occasions over the last four (4) years, Plaintiff instructed Defendants' agent(s)/representative(s) to stop calling his cellular telephone.

26. In or about October of 2015, and on numerous other occasions, Plaintiff would answer a call from Defendants to his aforementioned cellular telephone number. Plaintiff spoke to an agent(s)/representative(s) of Defendants and informed the agent(s)/representative(s) that the calls to his cellular telephone were harassing and demanded that they cease calling his cellular telephone number.

27. Despite yet clearly and unequivocally revoking any consent Defendants may have believed they had to call Plaintiff on his cellular telephone, Defendants continues to place automated calls to Plaintiff.

28. Again, in or about March of 2016, due to the continuous automated calls, Plaintiff answered a from Defendants, explained that he previously requested they stop calling his cellular telephone and again demanded that they cease calling his cellular telephone number.

29. Plaintiff's numerous conversations with Defendants' agent(s)/representative(s) over the telephone wherein he demanded a cessation of calls were in vain as Defendants continues to bombard him with automated calls unabated.

30. Defendants have corporate policies to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

31. Defendants have corporate policies to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer or Defendants to remove the number.

32. Defendants' corporate policies are structured as to continue to call individuals like Plaintiff despite these individuals explaining to Defendants they wish for the calls to stop.

33. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

34. Defendants have numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

35. Defendants have had numerous complaints from consumers against them across the country asking to not be called, however Defendant continues to call the consumers.

36. Defendants' corporate policies provided no means for Plaintiff to have his number removed from the call list.

37. Defendants have corporate policies to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

38. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

39. Defendants willfully and/or knowingly violated the TCPA with respect to Plaintiff.

40. From each and every call placed without express consent by Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

41. From each and every call without express consent placed by Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendants' calls.

42. From each and every call placed without express consent by Defendants to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by Defendants to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and

deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

44. Each and every call placed without express consent by Defendants to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

45. Each and every call placed without express consent by Defendants to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

46. Each and every call placed without express consent by Defendants to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

47. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, and aggravation.

## COUNT I
### (SYNCHRONY Violation of the TCPA)

48. Plaintiff fully incorporates and realleges paragraphs one (1) through forty seven (47) as if fully set forth herein.

49. Defendant, SYNCHRONY willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified SYNCHRONY that he wished for the calls to stop.

50. SYNCHRONY repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(ALLIED Violation of the TCPA)**

51. Plaintiff fully incorporates and realleges paragraphs one (1) through forty seven (47) as if fully set forth herein.

52. ALLIED willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified ALLIED that he wished for the calls to stop.

53. ALLIED repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (EGS Violation of the TCPA)

54. Plaintiff fully incorporates and realleges paragraphs one (1) through forty seven (47) as if fully set forth herein.

55. EGS willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified EGS that he wished for the calls to stop.

56. EGS repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EGS for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (SYNCHRONY Violation of the FCCPA)

57. Plaintiff fully incorporates and realleges paragraphs one (1) through forty five (47) as if fully set forth herein.

58. At all times relevant to this action SYNCHRONY is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

59. SYNCHRONY has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

60. SYNCHRONY has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

61. SYNCHRONY's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
### (ALLIED Violation of the FCCPA)

62. Plaintiff fully incorporates and realleges paragraphs one (1) through forty seven (47) as if fully set forth herein.

63. At all times relevant to this action ALLIED is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

64. ALLIED has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

65. ALLIED has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

66. ALLIED's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VI
### (EGS Violation of the FCCPA)

67. Plaintiff fully incorporates and realleges paragraphs one (1) through forty seven (47) as if fully set forth herein.

68. At all times relevant to this action EGS is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

69. EGS has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

70. EGS has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

71. EGS's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EGS for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VII
### (ALLIED Violation of the FDCPA)

72. Plaintiff fully incorporates and realleges paragraphs one (1) through forty seven (47) as if fully set forth herein.

73. At all times relevant to this action ALLIED is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

74. ALLIED has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

75. ALLIED has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

76. ALLIED has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VIII

### (EGS Violation of the FDCPA)

77. Plaintiff fully incorporates and realleges paragraphs one (1) through forty seven (47) as if fully set forth herein.

78. At all times relevant to this action EGS is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

79. EGS has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

80. EGS has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

81. EGS has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against EGS for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Shaughn C. Hill
Shaughn C. Hill, Esquire
Florida Bar No.: 0105998
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor

Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
SHill@ForThePeople.com
LCrouch@ForThePeople.com
*Attorney for Plaintiff*